UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JAMES GREENE** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**NEW PARTNERS CONSULTING, INC.**, a District of Columbia corporation, and **NEW PARTNERS TELESERVICES, LLC**, a Delaware limited liability company,<br><br>*Defendant*. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff James Greene ("Greene" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants New Partners Consulting, Inc. ("New Partners Consulting") and New Partners Teleservices, LLC ("New Partners Teleservices") (collectively "Defendants") to: (1) stop their practice of placing calls using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice to the cellular telephones of consumers nationwide without their prior express consent, (2) enjoin Defendants from continuing to place pre-recorded telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1

1. Plaintiff Greene is a natural person and resident of the State of Missouri. Plaintiff resides in Ballwin, Missouri.

2. Defendant New Partners Consulting, Inc. is a corporation incorporated and existing under the laws of the District of Columbia. Its principal place of business is located at 1250 Eye St NW, Suite 200, Washington, DC 20005. New Partners Consulting does business throughout the United States, including in this District.

3. Defendant New Partners Teleservices, LLC is a limited liability company incorporate and existing under the laws of the State of Delaware. Its principal place of business is located at 1250 Eye St NW, Suite 200, Washington, DC 20005. New Partners Teleservices does business throughout the United States, including in this District. On information and belief, New Partners Teleservices is a wholly owned subsidiary of New Partners Consulting.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*. because the classes each consist of over 100 people, at least one member of each class is from a jurisdiction other than the District of Columbia (the state of Defendants), and the amount in controversy exceeds $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

5. The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendant New Partners Consulting is incorporated under the laws of the District of Columbia, is registered to do business in the District of Columbia, is headquartered in this District, and regularly conducts business in the District of Columbia and in this district.

Additionally, Defendant New Partners Teleservices lists a District of Columbia address of New Partners Consulting as its principal place of business with the Minnesota Secretary of State.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District, conduct a significant amount of business within this District, market to this District, and because the wrongful calls giving rise to this case, or the decisions to make them, occurred in, were directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

7. Defendant New Partners Consulting is a Washington D.C.-based political and corporate consulting firm with more than 160 staff members and several offices throughout the United States.

8. Defendant New Partners Teleservices is a Minnesota-based affiliate or subsidiary of Defendant New Partners Consulting and operates inbound and outbound contact centers. On information and belief, New Partners Teleservices has a 120 seat call center in Eveleth, Minnesota,[1] recently opened a new contact center in Melrose, Minnesota,[2] and also operates an "At Home Agent (AHA)" program which allows employees to work from home.[3]

9. Defendant New Partners Consulting specifically notes that Defendants offer clients services including "auto-calling programs" that utilize an ATDS.[4]

10. While certain types of calls may be within the letter of the law for calls placed to landline ("wireline") telephones, the same calls to cellular ("wireless") telephones violate the

---

[1] http://greaterstcloudjobspot.com/company/2497/New-Partners-Teleservices/

[2] https://www.linkedin.com/jobs/view/195027197

[3] http://greaterstcloudjobspot.com/company/2497/New-Partners-Teleservices/

[4] http://newpartners.com/direct-contact.php

TCPA where they are made without prior express written or oral consent. As explained by the Federal Communications Commission ("FCC") in its 2012 order:

> Additionally, we note that many commenters expressed concern about obtaining written consent for certain types of autodialed or prerecorded calls, including debt collection calls, airline notification calls, bank account fraud alerts, school and university notifications, research or survey calls, and wireless usage notifications. Again, such calls, to the extent that they do not contain telemarketing messages, would not require any consent when made to residential wireline consumers, but *require either written or oral consent if made to wireless consumers* and other specified recipients. [Emphasis added].
>
> *See In re Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 27 FCC Rcd. 1830 (Feb. 15, 2012).

11. Yet in violation of this rule, Defendants fail to obtain *any* prior express consent (oral or written) to make the pre-recorded calls described herein to cellular telephone numbers.

12. Consumer complaints regarding Defendants' invasive and repetitive calls are legion. As a sample, consumers have complained as follows:

- "I've had at least one call each day from this number 303-816-3334 for weeks and it won't stop! Even when asked to hit #1 on phone to stop it, they're still calling and it's quite annoying."[5]

- called incessantly by this number.  called it back and requested to be taken of their list (option on the menu tree).  Blocked number but calls still get through"[6]

- "I've gotten several hangups from this number, so I called back and the message identifies them as "New Partners Teleservices," and it says they're doing opinion polls. They do claim to have an internal no call list, but we'll see."[7]

- "This phone number has been calling me daily (sometimes multiple times a

---

[5] http://800notes.com/Phone.aspx/1-303-816-3334

[6] *Id.*

[7] *Id.*

day) for the past 3 weeks. I've never answered and they've never left an actual voicemail. Today there was a 2 second voicemail that was nothing but static. I finally blocked their number, apparently they can't take a hint."8

- "They call every day! Company called Individual Health Quotes."9

- "they call my phone number at least 4 times a day without leaving a message. I called the number back and told them to remove my number from their call list in which the lady replied "I'm sorry I can't do that" and then hung up on me."10

- "Have told them am on on dnc - they keep calling sometes [sic] 3x's a day; have hit 1 on their recording, they keep right on calling."11

13.     In placing the calls that form the basis of this Complaint, Defendants utilized an ATDS in violation of the TCPA. Specifically, the hardware and software used by Defendants has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention or as Defendants call it "Auto-calling programs."12 Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention). Indeed, individuals do not individually dial each number that Defendants call.

14.     When placing these calls to consumers, Defendants failed to get the prior express

---

8 *Id.*

9 http://800notes.com/Phone.aspx/1-515-509-2555

10 http://www.bbb.org/chicago/business-reviews/home-health-services/individual-health-quotes-in-chicago-il-88703412/complaints

11 http://800notes.com/Phone.aspx/1-315-834-1568

12 http://newpartners.com/direct-contact.php

5

oral or written consent required by the TCPA from cellular telephone owners/users as required by the TCPA to make such calls.

15.     Furthermore, Defendants call these consumers who have no "established business relationship" with Defendants.

16.     Finally, even when consumers try to opt out of future calls by requesting to never be called again, Defendants continue to call them.

17.     Defendants knowingly made (and continue to make) telemarketing calls to cellular telephones without the prior express consent of the call recipients. As such, Defendants have not only invaded the personal privacy of Plaintiff and other members of the putative Classes, they have also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF JAMES GREENE

18.     Beginning in approximately January, 2016, Plaintiff began to receive pre-recorded telephone calls from Defendants on his cellular telephone. The calls were from phone number 636-923-8774.

19.     Each call that Plaintiff received was pre-recorded and contained the following message, "*You have reached New Partners Teleservices. We place calls on behalf of many political and non-profit clients and organizations. If you would like to be removed from our calling list, please press 1 now.*"

20.     Plaintiff pressed '1' every time he received a call from Defendants in order to remove his telephone number from their call list. Upon pressing '1', he would then be prompted to enter in his telephone number, which Plaintiff would do, and he would then hear a pre-recorded message indicating that it would take up to 10 days for his number to be removed.

21.     Despite his attempts to get his phone number removed from Defendants' call list,

6

Plaintiff received approximately one pre-recorded call from Defendants each month consistently up to August 2016.

22. At no time did Plaintiff consent to the receipt of pre-recorded calls to his cellular telephone from Defendants, nor did he ever provide prior oral or written express consent to Defendants for such calls to be placed.

23. By making unauthorized pre-recorded telephone calls as alleged herein, Defendants have caused consumers actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes.

24. In order to redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded calls to cellular telephones.

25. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited and unauthorized pre-recorded calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

26. For the purposes of making the repeated, harassing calls to Plaintiff and the other Class members, Defendants were agents and alter egos of one another and acted for the other's benefit. They each knew about the calls, authorized and ratified the making of the calls, received the benefits of the calls, and profited from the calls. On information and belief, both Defendants

were also aware of the fact

## CLASS ACTION ALLEGATIONS

27. Plaintiff Greene brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the two classes defined as follows:

> **Pre-recorded No Consent Class**: All persons in the United States who (1) Defendants called, (2) on the person's cellular telephone, (3) using a pre-recorded voice or messages, and (4) for whom Defendants claim they obtained prior express consent in the same manner as Defendants claim they supposedly obtained prior express consent to call the Plaintiff.
>
> **Pre-recorded Stop Class**: All persons in the United States who (1) Defendants called, (2) on the person's cellular telephone, (3) using a pre-recorded voice or messages, (4) after the person pressed "1" when prompted to during Defendants' recorded message.

28. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the class definitions following class discovery.

29. On information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

30. There are several questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class members that may be

8

answered in a single stroke include but are not limited to the following:

    a.    whether Defendants' conduct constitutes a violation of the TCPA;

    b.    whether Defendants utilized an automatic telephone dialing system or a pre-recorded messages to make the calls to members of the Classes;

    c.    whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct;

    d.    whether Defendants obtained prior express written consent to contact any class members on their cellular telephones;

    e.    whether pressing "1" when prompted revoked any consent to be called

31. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in the same injuries to the Plaintiff and to all of the other members of the Classes, including the annoyance and aggravation associated with such pre-recorded calls as well as the loss of cellular plan minutes and temporary inability to enjoy and use their cellphones, as a result of the transmission of the pre-recorded calls alleged herein. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct of placing pre-recorded calls. Plaintiff's claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Classes, received unsolicited pre-recorded calls from Defendants. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Classes.

32. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiff has no interests antagonistic to or in conflict with the interests of the other members of the proposed Classes and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and

class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

33. The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted, and/or have refused to act, on grounds generally applicable to the Classes, thereby making final injunctive relief appropriate. Specifically, injunctive relief is necessary and appropriate to require Defendants to discontinue placing unsolicited and unauthorized pre-recorded calls to the public and to honor opt-out requests. Likewise, Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes in placing the pre-recorded calls at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

34. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all consumers throughout the United States who received an unsolicited and unauthorized pre-recorded call from Defendants, many of whom had expressly revoked any consent by pressing "1" when prompted. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the

complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

35. Adequate notice can be given to the members of the Classes directly using information maintained in Defendants' records or through notice by publication.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Pre-Recorded No Consent Class)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendants made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Pre-recorded No Consent Class on their cellular telephone in an effort to sell their products and services using a pre-recorded voice as defined in the TCPA.

38. Defendants made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

39. Defendants utilized equipment that made the telephone calls to Plaintiff and other members of the Pre-recorded No Consent Class simultaneously and without human intervention.

11

40. Defendants failed to obtain any prior express written consent from Plaintiff and other called parties that included, as required by 47 C.F.R. § 64.1200(f)(8)(i) a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

41. Defendants also failed to obtain any prior express oral consent of the persons receiving its pre-recorded telephone calls.

42. By making unsolicited telephone calls to Plaintiff and members of the Pre-recorded No Consent Class's cellular telephones using a pre-recorded voice, Defendants violated 47 U.S.C. § 227(b)(1)(B) by doing so without prior express consent.

43. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Pre-recorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

44. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Pre-Recorded Stop Class)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Defendants made unsolicited and unwanted pre-recorded calls to telephone numbers belonging to Plaintiff and the other members of the Pre-recorded Stop Class on their cellular telephone after the cellphone users had pressed "1" to opt out of Defendant's system. By pressing "1" as prompted, Plaintiff and the other members of the Pre-recorded Stop Class clearly revoked any prior express consent that they may arguably have ever provided to be called.

47. Defendants made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, en masse.

48. Defendants utilized equipment that made the telephone calls to Plaintiff and other members of the Pre-recorded Stop Class simultaneously and without human intervention.

49. By making unsolicited telephone calls to Plaintiff and other members of the Pre-recorded Stop Class's cellular telephones using a pre-recorded voice after they requested to no longer receive such calls, Defendants violated 47 U.S.C. § 227(b)(1)(B) by doing so without prior express consent.

50. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Pre-recorded Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, the temporary inability to use their phones, lost time and data, wear and tear on their phones and the batteries, and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

51. Should the Court determine that Defendants' conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-recorded Stop Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff James Greene, on behalf of himself and the classes, prays for the following relief:

    A.    An order certifying the Classes as defined above, appointing Plaintiff James Greene as the representative of the Classes, and appointing his counsel as Class Counsel;

    B.    An award of actual and statutory damages to be paid into a common fund for the benefit of the Class Members;

    C.    An order declaring that Defendants' actions, as set out above, violate the TCPA;

    D.    A declaratory judgment that Defendants' telephone calling equipment constitutes an automatic telephone dialing system and that Defendant used a pre-recorded voice or message under the TCPA;

    E.    An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

    F.    An order requiring Defendants to identify any third-party involved in the pre-recorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

    G.    An injunction requiring Defendants to cease all unsolicited pre-recorded calling activities, requiring that Defendant fix its opt-out system so that it honors the do not requests of persons who press "1" when prompted, and otherwise protecting the interests of the Classes;

    H.    An injunction prohibiting Defendants from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

I. An injunction prohibiting Defendants from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

J. An injunction prohibiting Defendants from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

K. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

L. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 29, 2016                Respectfully submitted,

**JAMES GREENE** individually and on behalf of all others similarly situated,

By:   /s/ David L. Steelman
      David L. Steelman #27334
      dsteelman@steelmanandgaunt.com
      Ryan D. Seelke #63236
      rseelke@steelmanandgaunt.com
      901 Pine Street, Suite 110
      Rolla, Missouri 65401
      Tel: 573-341-8336
      Fax: 573-341-8548

      Steven L. Woodrow
      (swoodrow@woodrowpeluso.com)*
      Patrick H. Peluso
      (ppeluso@woodrowpeluso.com)*
      Woodrow & Peluso, LLC
      3900 East Mexico Ave., Suite 300
      Denver, Colorado 80210
      Telephone: (720) 213-0675
      Facsimile: (303) 927-0809

Stefan Coleman
(Law@stefancoleman.com)*
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Counsel for Plaintiffs and the Putative Classes*

*Motion for admission *pro hac vice* to be filed